# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES P. CHILTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-32-G |
| | ) |
| CARRIE BRIDGES, Warden, | ) |
| | ) |
| Respondent.[1] | ) |

## ORDER

Petitioner Charles P. Chilton, a state prisoner appearing pro se, initiated this action on January 10, 2022, by filing a Petition for Writ of Habeas Corpus (Doc. No. 1) challenging his state-court criminal conviction under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings.

On February 14, 2022, Judge Purcell issued a Report and Recommendation ("R. & R.," Doc. No. 10), in which he recommended the Petition be dismissed without prejudice upon preliminary review due to Petitioner's failure to exhaust state remedies. *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. On February 22, 2022, Petitioner filed a timely Objection to the R. & R. (Doc. No. 12).[2]

---

[1] The current warden of Petitioner's facility is hereby substituted as Respondent pursuant to R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.; Fed. R. Civ. P. 25(d), 81(a)(4).

[2] Petitioner also has submitted various other motions and filings arguing that he is entitled to federal habeas relief. *See* Doc. Nos. 11, 13, 14, 15, 16, 17. The Court has liberally construed these submissions and considered them along with the Objection.

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.   Background

The factual and procedural background is accurately summarized in Judge Purcell's R. & R.  On August 8, 2018, Petitioner entered a plea of guilty to multiple rape, forcible sodomy, and lewd/indecent act charges in the District Court of Oklahoma County.  On the first five charges, Petitioner was sentenced to life imprisonment with all but the first 40 years suspended; on the remaining four charges, Petitioner was sentenced to 20 years' imprisonment with credit for time served.  Pet. at 1; R. & R. at 1-2; *see State v. Chilton*, No. CF-2018-2436 (Okla. Cnty. Dist. Ct.).

Prior to filing his federal habeas Petition, Petitioner did not pursue a direct appeal of his conviction or seek postconviction relief in the state courts.  Pet. at 2-4.

Petitioner now seeks habeas relief on two grounds.  First, Petitioner argues that because he has "some Indian Blood" and the crimes took place in Indian Country, he was properly subject to prosecution only by the federal government, and the State of Oklahoma lacked jurisdiction over his criminal proceedings. *See id.* at 5-7.  Second, Petitioner asserts that his trial counsel's failure to raise this jurisdictional argument resulted in constitutionally ineffective assistance of counsel. *See id.* at 7-8.

II.   Discussion

In order to be heard in federal court on a petition for writ of habeas corpus, a state

2

prisoner generally must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). As explained by the Tenth Circuit,

> To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii).

*Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011); *see also Cash v. United States*, No. CIV-20-884-R, 2021 WL 666974, at *2 (W.D. Okla. Jan. 20, 2021) (R. & R.) ("To fully exhaust the claims in state court, the claims must have been presented to the state's highest court, the Oklahoma Court of Criminal Appeals (OCCA).)"), *adopted*, 2021 WL 666969 (W.D. Okla. Feb. 19, 2021).

Petitioner's Objection to the R. & R. argues that because the State of Oklahoma lacks jurisdiction "over ANY criminal offense, committed by or against any . . . Indian, in Indian Country," the State does not have any "available" corrective process, and so Petitioner need not comply with § 2254(b)(1)(A)'s exhaustion requirement. *See* Pet'r's Obj. at 4; 28 U.S.C. § 2254(b)(1)(B)(i); *see also* Pet. at 5-7; Doc. No. 11, at 3. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). This Court and others have held, however, that a petitioner must exhaust state-court remedies even if there is a *McGirt* claim—i.e., a claim that the State of

Oklahoma lacked jurisdiction pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020)—raised in the federal habeas proceeding. *See, e.g.*, *Waddell v. Crow*, No. CIV-21-587-J, 2021 WL 2932742, at *1 (W.D. Okla. July 12, 2021); *Collins v. LNU*, No. CIV-21-285-F, 2021 WL 1630549, at *1 (W.D. Okla. Apr. 27, 2021); *Tiger v. Cline*, No. 19-3088, 2021 WL 4453576, at *1 (D. Kan. Sept. 29, 2021). "[T]he Section 2254 exhaustion requirement contains no exception for jurisdictional claims." *Draper v. Pettigrew,* No. CIV-20-800-D, 2020 WL 8225500, at *4 (W.D. Okla. Dec. 22, 2020) (R. & R.), *adopted*, 2021 WL 203313 (W.D. Okla. Jan. 20, 2021); *accord Dyer v. Nunn*, No. CIV-21-180-G, 2022 WL 907194, at *2 (W.D. Okla. Mar. 28, 2022).

The State's alleged lack of jurisdiction over Petitioner's criminal proceeding does not render the state courts' corrective process unavailable. *See Long v. Nunn,* No. CIV-22-09-R, 2022 WL 468607, at *1 (W.D. Okla. Feb. 15, 2022). In fact, the State of Oklahoma explicitly provides a corrective process for defendants asserting that the state district court lacked jurisdiction to impose a sentence. *See* Okla. Stat. tit. 22, § 1080(b) (providing that the issue of state-court jurisdiction may be raised in an application for postconviction relief in the court in which the judgment and sentence on conviction were rendered). Accordingly, the Court rejects this contention.

### III. Summary

Petitioner was required to, but did not, exhaust his available state-court remedies before filing his 28 U.S.C. § 2254 Petition. There being no showing of good cause for this failure, and no demonstration of futility of such remedies, the Petition must be dismissed. *See* 28 U.S.C. § 2254(b)(1)(A); *Long*, 2022 WL 468607, at *1; *Cash*, 2021 WL 666974, at

*2-3.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (Doc. No. 10) in its entirety. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 1) is DISMISSED without prejudice. Petitioner's objections and Motions (Doc. Nos. 11, 12, 13, 14, 15, 16, 17) are DENIED AND OVERRULED. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 29th day of September, 2022.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge